IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

WILFREDO SILVA-REYES,

Petitioner

v.

UNITED STATES OF AMERICA,

Respondent

CIVIL 05-2300 (JAG)
(CRIMINAL 04-0015 (JAG))

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the court on motion by petitioner Wilfredo Silva-Reyes ("Silva-Reyes") to vacate, set aside or correct his sentence under 28 U.S.C. § 2255.  (Civil 05-2300, Docket No. 2.)

On January 16, 2004, a grand jury in the District of Puerto Rico returned a two-count indictment against Silva-Reyes.  (Criminal No. 04-0015, Docket No. 2.)  Count One charged Silva-Reyes with "knowingly and intentionally attempt[ing] . . . to possess with intent to distribute 100 grams or more of heroin . . . in violation of Title 21, [U.S.C.] Section 841(a)(1); all in violation of Title 21, [U.S.C.] Section 846."  Count Two charged Silva-Reyes with carrying, using and possessing a firearm, during and in relation to a drug trafficking, in violation of Title 21, U.S.C. § 846; all in violation of Title 18, U.S.C. § 924(c).  (Criminal 04-0015, Docket No. 2.)

CIVIL 05-2300 (JAG)                                        2
(CRIMINAL 04-0015 (JAG))

On August 12, 2004, Silva-Reyes entered into a plea agreement, pleading guilty to the two-count indictment in exchange for a recommended sentence of eighteen (18) months as to Count One and (60) months as to Count Two, to run consecutively for a total of seventy-eight (78) months. (Criminal 04-0015, Docket No. 28, at 4.)  On December 3, 2004, Silva-Reyes was sentenced to a term of imprisonment seventy-eight (78) months. (Criminal 04-0015, Docket No. 52, Sentencing Tr. at 7:16-21.)

In his motion, Silva-Reyes alleges trial counsel provided ineffective assistance because he (1) allegedly incorrectly advised him that pursuant to his plea agreement he would serve a total imprisonment term of eighteen (18) months for the controlled substance, no imprisonment for being in possession of a firearm, could spend Christmas with his family and self surrender, thus resulting in the guilty plea being illegally obtained; (2) failed to file a notice of appeal; (3) misrepresented to Silva-Reyes that he would have an opportunity to enroll in a Bureau Of Prisons substance abuse program, which would have resulted in a deduction from Silva-Reyes' sentence; (4) failed to explain to Silva-Reyes any strategies and defenses in his case.[1]  (Civil 05-2300, Docket No. 2, at 10-12.)

---

[1] As the government points out, Silva-Reyes' claims are intermingled in his section 2255 motion.  (See Civil 05-2300, Docket No. 23, at 1, n.1; Docket No. 2, at 10-11.)  They have been separated and reorganized here for the sake of clarity.

CIVIL 05-2300 (JAG)                             3
(CRIMINAL 04-0015 (JAG))

The government filed a response to Silva-Reyes motion on May 6, 2008. (Civil 05-2300, Docket No. 23.) The case was referred to me for a report and recommendation on October 31, 2007. (Civil 05-2300, Docket No. 22.)

Having considered the arguments of the parties and for the reasons set forth below, it is my recommendation that Silva-Reyes' motion to vacate, set aside, or correct sentence should be DENIED.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On August 12, 2004, the plea agreement (Criminal 04-0015, Docket No. 28) was filed and a change of plea hearing was held under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure. (Criminal 04-0015, Docket No. 29.) During the plea colloquy, Silva-Reyes responded to questions of the court, giving his complete name, age, how far he went in school, if he was under the influence of any drug or alcoholic beverage and if he understood what was happening at the hearing. (Criminal 04-0015, Docket No. 51, Change of Plea Hearing Tr. at 4.) After answering all the questions of the court and indicating he understood everything that was happening, Silva-Reyes agreed to plead guilty to Counts One and Two of the indictment. (Id. at 20.) The plea agreement provided a recommendation that Silva-Reyes would be sentenced as being held accountable for a drug quantity of at least ten (10) but not more than twenty (20) grams of heroin, resulting in a base offense level of sixteen (16) under U.S.S.G. §

CIVIL 05-2300 (JAG)                                     4
(CRIMINAL 04-0015 (JAG))

2D1.1(c)(12), a two-level enhancement for abuse of a position of trust (Silva-Reyes was a police officer) under U.S.S.G. § 3B1.3, and a three-level reduction for acceptance of responsibility applied under U.S.S.G. § 3E1.1(b). (Criminal 04-0015, Docket No. 28, at 4.)  The plea specified there would be no further adjustments or departures to the base offense level. (Id.) By pleading guilty under Rule 11(c)(1)(B), Silva-Reyes also waived any right of appeal. (Criminal 04-0015, Docket No. 51, Change of Plea Hearing Tr. at 10:6-7.)

During the change of plea hearing, the district court questioned Silva-Reyes as to the plea-bargained sentence, and petitioner's waiver of his right to appeal. The record reflects that Silva-Reyes was fully aware he agreed to a term of imprisonment of seventy eight (78) months; eighteen (18) months as to Count One and a consecutive term of sixty (60) months as to Count Two. Silva-Reyes pleaded guilty to both the narcotics offense and the firearm charge and acknowledged he was knowingly and voluntarily waiving his right to appeal the judgment and the sentence. (Criminal 04-0015, Docket No. 51, at 8-14.)

On December 3, 2004, Silva-Reyes was sentenced to a total imprisonment term of seventy-eight (78) months as stipulated in his plea agreement. (Criminal 04-0015, Docket No. 52, at 7.)

On January 25, 2005 Silva-Reyes filed a pro se notice of appeal to the United States Court of Appeals of the First Circuit, alleging that: "1. Defendant

CIVIL 05-2300 (JAG)                                    5
(CRIMINAL 04-0015 (JAG))

previously asked his counsel, Mr. Antonio Bauzá, to appeal the sentence on December 3, 2004[;] 2 Defendant have been attempting to contact his attorney regarding the sentence appeal but all the attempts had failed." (Criminal 04-0015, Docket No. 37.)

On November 17, 2005, Silva-Reyes' appeal was dismissed by the court for lack of jurisdiction because Silva-Reyes "failed to show that any timely notice of appeal was filed." United States v. Silva-Reyes, Appeal No. 05-1257 (1st Cir. November 17, 2005).

On December 14, 2005 Silva-Reyes filed this motion to vacate pursuant to 28 U.S.C. § 2255. (Criminal 05-2300, Docket No. 2.)

## II. DISCUSSION

"In all criminal prosecutions, the accused shall enjoy the right to . . . the Assistance of Counsel for his defence." U.S. Const. amend. 6. To succeed on an ineffective assistance of counsel claim, the petitioner, Silva-Reyes, has the responsibility of showing "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland v. Washington, 466 U.S. 668, 694 (1984). Petitioner must satisfy both prongs of the Strickland test in order to prevail on his claim of ineffective assistance of counsel. Smith v. Robbins, 528 U.S. 259, 289

CIVIL 05-2300 (JAG)                                  6
(CRIMINAL 04-0015 (JAG))

(2000).  The petitioner "must show that 'counsel's representation fell below an objective standard or reasonableness' and that 'the deficient performance prejudiced his defense.'"  Owens v. United States, 483 F.3d 48, 63 (1st Cir. 2007) (quoting Strickland v. Washington, 466 U.S. at 687-88).  Because Silva-Reyes has not shown that there were any errors in his representation, let alone any prejudice resulting from the errors, his claim of ineffective assistance of counsel fails.

### A.  Involuntary and Unintelligent Change of Plea

Silva-Reyes alleges that counsel induced him to plead guilty to a term of imprisonment of eighteen (18) months on the promise that he would not receive any term of imprisonment for being in possession of the firearm, would be able to visit his family over Christmas and then self surrender.

In considering such a claim, the most important factor is whether the plea was knowing and voluntary within the meaning of Federal Rule of Criminal Procedure 11.  United States v. Isom, 85 F.3d 831, 834 (1st Cir. 1996) (citing Federal Rule of Criminal Procedure 11); see United States v. Gray, 63 F.3d 57, 60 (1st Cir. 1995); United States v. Cotal-Crespo, 47 F.3d 1, 3-4 (1st Cir. 1995); United States v. Parrilla Tirado, 22 F.3d 368, 371 (1st Cir. 1994).

A court must review the transcripts of a plea colloquy with three (3) concerns: (1) the absence of coercion; (2) that the defendant understood of the charges; and (3) the defendant understood the consequences of the guilty plea.

CIVIL 05-2300 (JAG)                                    7
(CRIMINAL 04-0015 (JAG))

United States v. Isom, 85 F.3d at 835 (quoting United States v. Gray, 63 F.3d at 60).

The plea colloquy at the change of plea hearing establishes that these three concerns were met. The court not only asked Silva-Reyes if he understood his rights, the consequences of pleading guilty, and whether he was coerced into such a plea, but the court asked the defendant no fewer than three times if he was guilty of the crimes in the indictment. (Criminal 04-0015, Docket No. 51, at 12-13.) The petitioner answered all these questions in the affirmative. (Id.) Therefore Silva-Reyes plea was knowing and voluntary.

Petitioner agreed to have his sentence determined under the Sentencing Guidelines; waived any right to have facts that determine his offense level under the Guidelines alleged in the indictment and found by a jury beyond reasonable doubt; agreed that the court may consider any reliable evidence, including hearsay; and agreed to waive all constitutional challenges to the validity of the Sentencing Guidelines. (Criminal 04-0015, Docket No. 28, at 3.)

Had there been an indicia that petitioner did not fully understand the consequences of his waiver, the court might pause for further consideration. However, aside from the more than sufficient plea colloquy, it is difficult not to note that the petitioner was a police officer at the time of arrest and cannot have

CIVIL 05-2300 (JAG)                              8
(CRIMINAL 04-0015 (JAG))

attributed to him a naivete to which he is not entitled.  Cf. <u>United States v. Borrero Acevedo</u>, 533 F.3d 11, 18 (1st Cir. 2008).

I keep in mind that "[i]t is the policy of the law to hold litigants to their assurances[]" at a plea colloquy, <u>United States v. Marrero-Rivera</u>, 124 F.3d 342, 349 (1st Cir. 1997) (quoting <u>United States v. Parrilla-Tirado</u>, 22 F.3d at 373), and "a defendant should not be heard to controvert his Rule 11 statements in a subsequent § 2255 motion unless he offers a valid reason why he should be permitted to depart from the apparent truth of his earlier statement[s]." <u>United States v. Butt</u>, 731 F.2d 75, 80 (1st Cir. 1984).

In order to believe the arguments of petitioner, the court would have to disbelieve his representations given at the change of plea hearing.  See <u>United States v. Borrero Acevedo</u>, 533 F.3d at 17.  The court clearly told petitioner that paragraph 18 of his plea agreement called for a waiver of an appeal if the court should follow the terms and conditions of the plea agreement, and that if the court should not follow the agreement, then he would have the right to appeal. (Criminal 04-015, Docket No. 28, at 7.)

But there is another reason to conclusively find that there is no merit in the motion.  Petitioner received what he had bargained for.  The record is void of any facts or circumstances which would lead a court to determine that the

CIVIL 05-2300 (JAG)                            9
(CRIMINAL 04-0015 (JAG))

representation of counsel was so infirm that a Sixth Amendment violation ensued. See, e.g., United States v. Cardona Díaz, 524 F.3d 20, 22-23 (1st Cir. 2008).

### B.  Notice of Appeal

Silva-Reyes argues that counsel failed to provide effective assistance, when he failed to file a timely notice of appeal.  This claim fails because counsel was aware that the petitioner's plea had a specific sentencing recommendation attached to the waiver of appeal.  As the government notes, "since petitioner made a knowing and voluntary waiver of appeal, and was sentenced pursuant to the plea agreement, filing an appeal would have been a breach of Silva-Reyes contractual obligations under the plea agreement." (Civil 05-2300, Docket No. 23, at 7.)

### C.  Bureau Of Prisons Substance Abuse Program

Silva-Reyes alleges counsel was ineffective in that he misrepresented to Silva-Reyes that once incarcerated, Silva Reyes would be eligible for a substance abuse program which would have deducted time from his sentence.  There is nothing in the plea agreement indicating that Silva-Reyes would be eligible for such a program.  As noted earlier, Silva-Reyes received what he bargained for.

### D.  Counsel's Failure to Explain Strategies and Defenses

Silva-Reyes alleges counsel failed to explain any strategies and defenses. However, Silva-Reyes presents no evidence to show or infer that trial counsel ever

CIVIL 05-2300 (JAG)  10
(CRIMINAL 04-0015 (JAG))

denied him such service. Cirilo-Muñoz v. United States, 404 F.3d 527, 530 (1st Cir. 2005) (noting petitioner bears burden of proof on both tiers of Strickland test).

Even assuming trial counsel did not discuss strategies or defenses, Silva-Reyes has not shown how this prejudiced his defense. He still received the benefit of the plea agreement negotiated by trial counsel.

### III.  CONCLUSION

In view of the above, I find that Silva-Reyes has not shown that trial counsel rendered ineffective assistance of counsel. Silva-Reyes has not shown that his guilty plea was unintelligent and involuntary, that he was entitled to an appeal, that he was entitled to join the substance abuse program through the Bureau of Prisons, that trial counsel did not discuss strategies or defenses, or that such lack of discussion prejudiced his defense. Therefore, it is my recommendation that petitioner Wilfredo Silva-Reyes' motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255 be DENIED.

Under the provisions of Rule 72(d), Local Rules, District of Puerto Rico, any party who objects to this report and recommendation must file a written objection thereto with the Clerk of this Court within ten (10) days of the party's receipt of this report and recommendation. The written objections must specifically identify the portion of the recommendation, or report to with objections made and the

CIVIL 05-2300 (JAG)                            11
(CRIMINAL 04-0015 (JAG))

basis for such objections. Failure to comply with the rules precludes further appellate review. See Thomas v. Arn, 474 U.S. 140. 155 (1985); Davet v. Maccorone, 973 F. 2d 22, 30-31 (1st Cir. 1992); Paterson Leitch Co. v. Mass. Mun. Wholesale Elec. Co., 840 F 2d 985 (1st Cir. 1988); Borden v. Sec'y of Health & Human Servs., 836 F.2d 4, 6 (1st Cir. 1987); Scott v. Schweiker, 702 F. 2d 13, 14 (1st Cir. 1983); United States v. Vega, 678 F2d 376, 378-79 (1st Cir. 1982); Park Motor Mart, Inc. v. Ford Motor Co., 616 F2d 603 (1st Cir. 1980).

At San Juan, Puerto Rico, this 22d day of August, 2008.

S/ JUSTO ARENAS
Chief United States Magistrate Judge